The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
STIPULATIONS
1. On March 4, 1992 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time the employer-employee relationship existed between defendant-employer and plaintiff.
3. At such time defendant-employer was self insured, with Consolidated Risk Management Services as third-party administrator.
4. The date of the alleged injury giving rise to this claim is March 4, 1992.
5. Medical records which consist of the following are received into evidence by stipulation of the parties: a one-page emergency room report from Charlotte Memorial Hospital dated March 5, 1992; office notes from the Miller Orthopedic Clinic from March 9, 1992 through August 6, 1993; a radiologist report dated October 13, 1992; a Form 25R from Dr. Sims; a Form 25R from Dr. Chewning; a return to work note from Dr. Sims; three pages of physical therapy notes from Carolinas Medical Center concerning treatment from March 30, 1992 through April 9, 1992; and four pages of notes from the Pain Management Center pertaining to epidural steroid injections.
6. The August 18, 1993 affidavit of Judith Wadsworth is received into evidence by stipulation of the parties.
7. An Industrial Commission Form 28B dated July 22, 1992 is received into evidence by stipulation of the parties.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing of this claim, plaintiff was a 48-year-old female with a ninth grade education and an employment history in food service with defendant-employer for 26 years. Her average weekly wage was $397.20, yielding a compensation rate of $264.80.
2. On March 4, 1992 plaintiff was employed as a cook by defendant-employer and assigned to the 600 Room, a private dining facility for doctors. Plaintiff's employment required her to occasionally lift up to 50 pounds. At approximately 12:30 P.M. on March 4, 1992 plaintiff was placing a 30 to 40-pound rack of nine inch plates into a dishwasher when she felt something pop and experienced an immediate onset of pain in her lower back. Plaintiff, who had no prior history of any back injuries or back problems, worked the remainder of her shift which ended at 3:30 P.M. The following morning plaintiff reported the incident to her supervisor.
3. On March 5, 1992 plaintiff was seen in the emergency room at defendant-employer where x-rays were obtained. Plaintiff was then referred to Miller Orthopedic Clinic where she was initially seen by Dr. Sims on March 9, 1992. At that time plaintiff's symptoms consisted of low back pain radiating into her right leg. Plaintiff was treated conservatively for lumbar strain and released to return to work on March 12, 1992. On March 23, 1992 plaintiff was restricted to lifting no greater than 20 pounds.
4. Plaintiff continued on a conservative course of treatment under Dr. Sims until June 3, 1992. On that date plaintiff had a normal physical examination and reported to Dr. Sims that she was pain free and doing all of her activities without any noticeable problems. At that time, Dr. Sims released plaintiff from his care to return to unrestricted work activity. Thereafter, plaintiff continued to work at her regular job until September 16, 1992. At some point during this period of time, plaintiff was reassigned from the 600 Room to the main kitchen at defendant-employer.
5. On September 16, 1992, plaintiff returned to Dr. Sims complaining of increasing symptoms of low back pain radiating into the right leg and left thigh, at which time Dr. Sims took plaintiff out of work. A CT scan was obtained on October 15, 1992 which revealed pseudoarticulation of L5 to the ilium and sacrum, spinal stenosis at L4-5, and a left-sided disc bulge at L4-5. Thereafter, plaintiff was treated with steroid injections by Dr. Miller and was seen by Dr. Chewning. On February 5, 1993, Dr. Chewning released plaintiff to return to light/sedentary work under the restriction of lifting no greater than 15 pounds. He rated her with a 5% disability of the back growing out of the 4 March 1992 specific traumatic incident and with a 10% disability to her back growing out of pre-existing conditions. Thereafter, plaintiff neither returned to work with defendant-employer nor sought any work elsewhere.
6. On February 5, 1993 plaintiff had the capacity to earn wages.
7. In May 1993 defendant-employer offered plaintiff a job as a dietary clerk, which was within her work restrictions of February 5, 1993. Plaintiff appeared at work on June 1, 1993 wearing a lumbar corset. After working for a while she reported to her supervisor that she was in too much pain to continue working, whereupon she was sent home. Plaintiff has not sought any employment since that time but has been drawing disability under an employer-sponsored disability plan.
8. On December 15, 1992 plaintiff began receiving the aforesaid employer-funded long-term disability payments at $973.21 per month for the first three months and then $1,148.04 per month thereafter.
9. Plaintiff's testimony concerning the existence of pain on June 3, 1992, in direct contradiction to Dr. Sims' office notes of the same date, and her testimony concerning increasing symptoms of pain between June 3, 1992 and September 16, 1992, although she sought no medical care or treatment during that time period, is credible.
10. The credible evidence in the record establishes that plaintiff suffered a 5% back disability to her back as a result of the 4 March 1992 specific traumatic incident and that this disabling incident caused her total temporary disability for the periods of 4 March 1992 through 12 March 1992 and from 16 September 1992 through 5 February 1993.
11. On March 4, 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, to wit: a lumbar strain which arose out of and in the course of her employment with defendant-employer and which was the direct result of a specific traumatic incident of the work assigned.
12. As a result of her March 4, 1992 injury by accident, plaintiff was unable to earn any wages in any employment from 4 March 1992 to 12 March 1992 and from 16 September 1992 through 5 February 1993.
13. As a result of her March 4, 1992 injury by accident, plaintiff received medical care and treatment from the emergency room at Carolinas Medical Center and from Dr. Sims at the Miller Orthopedic Clinic, for which defendant paid $867.30 in medical compensation.
14. Plaintiff reached maximum medical improvement from her March 4, 1992 injury by accident on 5 February 1993 and as a result thereof retained a 5% permanent partial disability to her back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. On 4 March 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer which was the direct result of a specific traumatic incident of the work assigned. N.C.G.S. § 97-2(6).
2. Plaintiff has met the burden of proving both the existence of her disability and the degree of her disability. SeeHilliard v. Apex Cabinet Co., 305 N.C. 593, 29 S.E.2d 682 (1982); see also Hendrix v. Linn-Corriher Corp., 317 N.C. 179,345 S.E.2d 374 (1986).
3. As a result of her March 4, 1992 injury by accident, plaintiff was unable to earn any wages in any employment from 4 March 1992 to 12 March 1992 and from 16 September 1992 through 5 February 1993, which entitles her to temporary total disability payments from her employer for those weeks, with an offset as set forth below. As a further result of her March 4, 1992 injury by accident, plaintiff suffered a compensable 5% permanent partial disability to her back, entitling her to 15 weeks of compensation.
4. Defendant is required by law to pay all medical compensation arising from her March 4, 1992 injury by accident, including the treatment rendered by Dr. Sims from March 9, 1992 through June 3, 1992, and the treatment from 16 September 1992 through 5 February 1993, when bills from the same have been submitted to the adjusting agent and approved in accordance with Industrial Commission procedures.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendant shall pay temporary total disability at the rate of $264.80 per week for the period 4 March 1992 through 12 March 1992 and for the period 16 September 1992 through 5 February 1993, with 75% of such amount being offset for non-contributory disability paid to Plaintiff during this period, subject to the attorney fee hereafter awarded. Defendant shall pay permanent partial disability for 15 weeks at the rate of $264.80 per week, which amount shall not be subject to offset for disability pay butshall be subject to the attorney fee hereafter awarded.
2. Defendant shall pay all medical compensation arising from plaintiff's March 4, 1992 injury by accident, including the treatment rendered by Dr. Sims from March 9, 1992 through June 3, 1992, and the treatment from 16 September 1992 through 5 February 1993, when bills for the same have been submitted to the adjusting agent and approved in accordance with Industrial Commission procedures.
3. Defendant shall pay to plaintiff's attorney an amount equal to 25% of what the total temporary disability pay would have been but for the disability pay offset and an amount equal to 25% of the partial permanent disability heretofore awarded.
4. Defendant shall pay the costs, including an expert witness fee in the amount of $430.00 to Dr. Samuel J. Chewning, Jr.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER